DONALD S. GILDAY and PATSY L. GILDAY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gilday v. Commissioner
Docket No. 22005-80.
United States Tax Court
T.C. Memo 1982-242; 1982 Tax Ct. Memo LEXIS 512; 43 T.C.M. (CCH) 1295; T.C.M. (RIA) 82242; May 3, 1982. Michael H. Singer and Mark Segal, for the petitioners. A. Chris Zimmermann, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $ 24,498 in petitioners' Federal income tax for 1976. At issue is whether there existed a corporate debt to petitioners within the meaning of section 1374(c)(2)(B). [1]
FINDINGS OF FACT Some facts have been stipulated and are found accordingly. Petitioners, Donald S. Gilday and Patsy L. Gilday, resided in Las Vegas, Nev., when they filed their petition herein. During 1976, petitioners owned 25 percent of Foxy's Jackpot City, Inc. (Foxy's), a Nevada corporation. At that time, the other 25 percent shareholders were Melvin B. Wolzinger (Wolzinger), Earl E. Wilson (Wilson), and Michael Stober. [2] At all times relevant herein, Foxy's was an electing small business corporation within the meaning of section 1371(b). *514 On April 23, 1976, Foxy's borrowed $ 100,000 from the First National Bank of Nevada (FNB), and Foxy's shareholders guaranteed repayment of the loan. On August 9, 1976, Foxy's borrowed an additional $ 350,000 from FNB and, thus, increased its note to FNB to $ 450,000. Again, Foxy's shareholders guaranteed repayment. On December 23, 1976, the shareholders gave FNB their personal note for $ 450,000, and FNB canceled Foxy's $ 450,000 note to FNB. FNB agreed because Wolzinger and Wilson had an excellent record in the casino business, and FNB had made the original loans to Foxy's based on their credit. The parties agree the substitution of the shareholders' note to FNB for Foxy's note to FNB was motivated by tax considerations. The transaction was planned by Robert McKnight, an accountant who managed the tax practice for a certified public accounting firm. The planned result "definitely was loans from [the] stockholders" to Foxy's. On August 7, 1977, Foxy's gave its shareholders a note for $ 450,000. Although the note was not issued until *515 1977, Foxy's financial statement for 1976 listed the $ 450,000 debt as a liability of Foxy's. [3]
In 1976, Foxy's reported a $ 568,124 net operating loss. Petitioners' share of that loss was $ 142,031, and they deducted that amount on their 1976 Federal income tax return. [4] In his statutory notice of deficiency, respondent disallowed that deduction to the extent it exceeded $ 41,250--the sum of petitioners' original capital contributions to Foxy's plus some direct loans petitioners made to Foxy's which are not at issue herein. OPINION At issue is whether substitution of the shareholders' note to FNB for Foxy's note to FNB created a debt from Foxy's *516 to the shareholders so as to increase the shareholders' bases in Foxy's within the meaning of section 1374(c)(2)(B). Generally stated, section 1374(a) permits the shareholders of an electing small business corporation to deduct the corporation's net operating losses. However, a shareholder's portion of the corporation's net operating loss may not exceed the sum of (1) the shareholder's adjusted basis in his stock and (2) the shareholder's adjusted basis in any debt of the corporation owed to the shareholder. Sec. 1374(c)(2). It is undisputed Foxy's suffered a net operating loss of $ 568,124 in 1976; petitioner's share of that loss was $ 142,031, irrespective of the section 1374(c)(2) limitations; and petitioners' adjusted basis in stock and debt totaled $ 41,250 without counting the transaction at issue herein. Respondent maintains the substitution of the shareholders' note to FNB for Foxy's note to FNB did not create a corporate debt to the shareholders within the meaning of section 1374(c)(2)(B). Thus, he contends the substitution does not increase petitioners' basis in Foxy's for purposes of deducting their share of Foxy's 1976 net operating loss. Petitioners maintain a *517 valid corporate debt to the shareholders was created. [5] We agree with petitioners. While petitioners were merely guarantors of Foxy's debt to FNB they acquired no basis in that debt. When a shareholder guarantees a corporation's debt, the shareholder has not increased his investment in the corporation simply because he may never have to make any actual payments. See Blum v. Commissioner,59 T.C. 436 (1972); Borg v. Commissioner,50 T.C. 257 (1968). See generally, S. r/ept. No. 1983, 85th Cong., 2d Sess. (1958), 1958-3 C.B. 922, 1141. However, in the case before us, petitioners and the other shareholders in Foxy's have moved from positions as guarantors of corporate debt to positions as primary obligors. Both parties argue the effect of the change of positions is governed by Rev. Rul. 75-144, 1975-1 C.B. 277. [6] Stated succinctly, the facts in that ruling were as follows: the corporation borrowed money from a bank and the shareholders *518 guaranteed repayment; the corporation defaulted and the shareholders were called upon to pay; the shareholders gave the bank their note for the amount owed; and the shareholders legally became subrogated to the bank's rights against the corporation. It was held that such facts led to a debt from the corporation to the shareholders via subrogation, and the shareholders' adjusted bases in such debt was the face amount of the shareholders' note to the bank. Petitioners maintain this case is indistinguishable from Rev. Rul. 75-144, supra, while respondent argues that unless petitioners are subrogated under state law to FNB's position against Foxy's, no debt from Foxy's to petitioners arose. [7] However, regardless of whether an actual state law obligation via subrogation arose when the shareholders substituted their note to FNB for Foxy's note to FNB, we are convinced the corporation became indebted to its shareholders. As our findings of fact show, Foxy's considered itself indebted to the shareholders *519 in 1976, see p. 3, supra, and on August 7, 1977, Foxy's gave its shareholders a note equal to the shareholder's note to FNB. [8] Thus, we agree with petitioners that Rev. Rul. 75-144, supra, is not distinguishable in any meaningful sense. To reflect the foregoing, Decision will be entered for petitioners.
Footnotes
1. Unless otherwise provided, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. During 1977, Foxy's redeemed Michael Stober's shares thereby increasing petitioners' percentage ownership to 33-1/3 percent.↩
3. That liability is listed on the 1976 balance sheet under "notes payable to bank." However, a balance sheet footnote explains the substitution of the shareholders as primary obligors indicating Foxy's liability really ran from Foxy's to the shareholders. The accountant who prepared the financial statement acknowledged at trial that the statement "probably should have shown [the $ 450,000] as [a] note payable to stockholders," but he felt the footnote method was a more complete treatment.↩
4. See sec. 1374(c)(1).↩
5. If a valid corporate debt to the shareholders arose, it is clear petitioners' basis would increase sufficiently to absorb petitioners' entire share of Foxy's 1976 net operating loss.↩
6. Although revenue rulings are not binding on this Court, both parties argued Rev. Rul. 75-144↩ is correct and determines the outcome of this case.
7. In effect, respondent concedes petitioners are entitled to their claimed deduction if a debt from Foxy's to petitioners arose. ↩
8. During 1977, Foxy's made payments directly to the bank. However, to pay the shareholders and have the shareholders pay FNB would seem to be the utilization of fruitless steps.↩